20741

Doris HOWARD and James Howard, Respondents, v. HOLIDAY INNS, INC., Appellant.

(246 S. E. (2d) 880)

*Carlisle Bean & Hines,* Spartanburg, *for appellant.*
*William R. Easler,* Spartanburg, *for respondents.*

August 14, 1978.

RHODES, Justice:

The plaintiffs-respondents commenced this action for conversion of an automobile against the defendant-appellant by service of process on defendant's Registered Agent for Process. After the expiration of the 20 days permitted for answering, the plaintiffs obtained an order from the circuit judge declaring the defendant to be in default and ordering that a hearing be scheduled for the determination of the amount of damages. Twenty-five thousand dollars actual and punitive damages was prayed for in the complaint.

Thereafter, before a hearing was set on the amount of damages, the defendant moved for an order setting aside the default and allowing it to answer the complaint on the merits. The motion was made under § 15-27-130, Code of Laws of South Carolina (1976), which provides in part:

The court may, in its discretion and upon such terms as may be just, at any time within one year after notice thereof relieve a party from a judgment, order or other proceedings taken against him through his mistake, inadvertence, surprise or excusable neglect . . ..

The lower court denied this motion on the ground that the defendant had failed to establish excusable neglect. It granted a default judgment against the defendant in the amount of $25,000.00, based on the complaint. No evidence on the amount of damages was taken, and apparently the damages were assessed based solely on the prayer for relief.

In support of the motion to set aside the default order, the defendant submitted an affidavit of its house counsel, Larry McGrath. In the affidavit, McGrath stated that service had been received from the defendant's registered agent on August 19, and was routed to him for handling. It was not given prompt attention because he was doing "extensive traveling" at the time. The lower court

held that excusable neglect had not been shown. It is not sufficient to show neglect unless the same be made to appear excusable. *Hedgepath v. State Highway Dept.*, 263 S. C. 98, 207 S. E. (2d) 820 (1974). We agree with the lower court and affirm the court's refusal to set the default order aside. There was no abuse of discretion.

The defendant next contends that the lower court erred in awarding damages because there was no evidence before it on the question of damages. We agree.

In a default case, damages may be assessed either by a jury or the judge of the court. Code § 15-35-310, after setting out the procedure for obtaining a monetary judgment against a defaulting defendant in a contract action, provides that "[i]n all other cases the relief to be afforded the plaintiff shall be ascertained either by the verdict of a jury or in cases in chancery by the judge . . .." Section 15-35-320 provides, that a plaintiff, whether the action or demand "be on contract or in tort", may move to have the judge determine the damages. The present action being one in tort for conversion, damages could be ascertained by a jury, or by the court without a jury. Plaintiffs did not move the court to ascertain damages, and it is apparent that the judge, after concluding that the default order should not be set aside, of his own volition, included in his order an award of damages in the full amount prayed for in the complaint.

It is common knowledge at the bench and bar that in a tort action the amount stated in the prayer for relief often bears little relation to the amount which the plaintiff is entitled to recover. The prayer in an action may not serve as a substitute for proof. The plaintiff must prove by competent evidence the amount of his damages, and such proof must be by a preponderance of the evidence.

In *Morgan's, Inc. v. Surinam Lumber Corp.*, 251 S. C. 61, 66, 160 S. E. (2d) 191, 193 (1968), this Court said:

Since the account sued upon was an unliquidated demand and an itemized statement thereof duly verified was not

served upon the defendant, plaintiff was required to introduce testimony in proof of the account in order to obtain a valid default judgment. Such was not done and the judgment was improperly entered on the pleadings alone.

■ The order awarding damages is hereby vacated.

■ The defendant further excepts by alleging error on the part of the court in awarding damages without giving to it the opportunity to participate in the hearing on the question of the amount of damages. The question of what right, if any, a defaulting defendant has to participate in the proceedings relative to the question of assessing damages has never been judicially resolved in this state. Inasmuch as the question will no doubt arise upon a remand, we rule upon the exception. In addition to not having found any cases in this state which have ruled upon the issue, the two pertinent sections—§§ 15-35-310 and 15-35-320—do not expressly permit or prohibit a defaulting defendant's participation in the damages proceeding. Traditionally, the judges in this jurisdiction have permitted counsel for a defaulting defendant, upon request, to cross-examine the witnesses and object to evidence. In *O'Dell v. United Ins. Co. of America,* 243 S. C. 35, 132 S. E. (2d) 14 (1963), and in *Cabler v. Hart,* 251 S. C. 576, 164 S. E. (2d) 574 (1968), the opinions recite that defense counsel were permitted, without objection, to appear and contest the issue of damages. There are three possible approaches. We could (1) allow damages to be determined in an *ex parte* proceeding, denying the defendant any right to participate; (2) allow damages to be ascertained after a full adversary contest, including the right of the defendant to produce evidence in rebuttal or in mitigation; or (3) allow damages to be ascertained with defense counsel's participation limited to cross-examination and objection to plaintiff's evidence. We hold that this third approach is the proper one and approve it for use in the courts of this state.

In *Morgan's Inc. v. Surinam Lumber Corp., supra,* this Court pointed out that there is a difference between a de-

fendant being declared in default and subsequently having judgment entered against him for damages. By defaulting, a defendant forfeits his "right to answer or otherwise plead to the complaint." 251 S. C. at 66, 160 S. E. (2d) at 193. In essence, the defaulting defendant has conceded liability. However, a defaulting defendant does not concede the *amount* of liability.[1]

In summary, we hold that: (1) there was no error on the part of the lower court in refusing to set aside the default order; (2) the court erred in granting judgment without proof of damages; (3) the case is remanded to the lower court for the purpose of a hearing before either a jury or the court on the question of damages; and (4) at such hearing, the defendant will be permitted to participate by cross-examining witnesses and objecting to evidence.

Affirmed in part; reversed in part; and, remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, J.J., concur.

---

[1] There is an exception. Under § 15-35-310, a defaulting defendant is deemed to have conceded the amount of his liability if the action is one in contract for monetary damages and the demand is liquidated or, if unliquidated, an itemized, verified statement of account is served with the summons and complaint.