20914

Florie THOMPSON, Respondent, v. Maurice WILDER, and/or Wilder Corporation and/or Wilder Mobile Homes, Inc., d/b/a Tiffany Gardens and/or Tiffany Garden Mobile Home Park, and First Citizens Bank and Trust, of whom Maurice Wilder and/or Wilder Corporation and/or Wilder Mobile Homes, Inc., d/b/a Tiffany Gardens and/or Tiffany Garden Mobile Home Park are Appellants.

(253 S. E. (2d) 109)

*Stephen M. Anastasion*, of *Callison, Tighe, Nauful & Rush*, Columbia, *for appellants.*

*Ann L. Furr*, of *Eslinger & Knowles*, Columbia, *for respondent.*

March 14, 1979.

GREGORY, Justice:

This appeal is from an order of the lower court refusing to vacate a default judgment entered against appellants. We reverse in part and remand.

Respondent brought this action against appellants to recover a fifty ($50.00) dollar security deposit on a leased mo-

bile home. This action was initiated by service in Illinois on April 28, 1977 of a Summons Complaint Not Served. The summons listed as defendants Maurice Wilder, d/b/a Tiffany Gardens Mobile Home Park and directed the defendants to demand a copy of the complaint in writing and specify where in this State the complaint could be served.

By letter dated May 3, 1977 Jerry Tennyson, the Secretary and General Manager of Wilder Mobile Homes, Inc., wrote to respondent's attorney and inquired as follows:

Dear Ms. Furr:

We received a copy of the enclosed Summons.

Would you please let me know what it is for.

Sincerely,

WILDER MOBILE HOMES, INC.
Jerry Tennyson
General Manager

Respondent's attorney replied by letter dated May 10, 1977 as follows:

Dear Mr. Tennyson:

The above mentioned paper was served on you because of your failure after several requests to refund Ms. Thompson's damage deposit. You will note in the Summons that if you desire a copy of the Complaint, it is necessary that you request it in writing and specify a place within the State where it can be served. If you desire to discuss settlement of this matter, please do not hesitate to have your attorneys contact me. I urge you to do this as soon as possible as I will be on vacation after the 15th of May, 1977.

Sincerely,

ESLINGER & KNOWLES
Ann L. Furr

By letter dated May 11, 1977 Mr. Tennyson made a second request for information regarding the summons. Coun-

sel for respondent stated at oral argument that she received this letter from Mr. Tennyson before she mailed her letter of May 10, 1977.

On July 12, 1977 appellants were served in Illinois with a second Summons Complaint Not Served. The first summons had not been dismissed. The second summons is identical to the first summons with the exception of its date and the named defendants. The second summons lists as defendants those parties listed in the first summons plus Wilder Mobile Homes, Inc., and/or Wilder Corporation d/b/a Tiffany Gardens.

By letter dated August 4, 1977 Mr. Tennyson wrote to the Richland County Clerk of Court requesting information regarding the summons. Respondent's complaint had not been filed with the clerk and the clerk did not reply to Mr. Tennyson's letter.

On September 7, 1977 respondent filed an affidavit of default and after a hearing on September 8, 1977, judgment by default was entered against appellants in the second action for fifty ($50.00) dollars actual damages and five thousand ($5,000) dollars punitive damages. The default hearing was conducted without notice to appellants.

By order dated September 19, 1977 the action initiated by the first summons was dismissed.

On October 17, 1977 appellants moved to vacate the default judgment under Section 15-27-130, 1976 Code of Laws of South Carolina. The lower court found a lack of excusable neglect and denied the motion. The lower court made no finding as to whether a meritorious defense existed. This appeal followed.

A motion to vacate a default judgment under Section 15-27-130, 1976 Code, is addressed to the sound discretion of the trial judge whose ruling thereon will not be disturbed on appeal absent a clear showing of an abuse of discretion.

We have held that an abuse of discretion arises when the order of the lower court was controlled by an error of law or when the order is without evidentiary support. *Rochester v. Holiday Magic, Inc.,* 253 S. C. 147, 169 S. E. (2d) 387 (1969).

We have stated before that a Summons Complaint Not Served is a poor vehicle for alerting a layman to what is involved in the underlying cause of action. *Jolley v. Jolly,* 265 S. C. 594, 220 S. E. (2d) 882 (1975).

On at least two occasions we have reversed orders refusing to vacate a default judgment where a Summons Complaint Not Served was the only formal pleading involved. In *Rochester v. Holiday Magic, Inc., supra,* we held that a default judgment should have been vacated because the wording of the Summons Complaint Not Served was confusing. Similarly, in *Crawford v. Murphy,* 260 S. C. 411, 196 S. E. (2d) 503 (1973) we held that the incorrect wording of a Summons Complaint Not Served was sufficiently confusing to warrant vacating a default judgment.

In *Brown v. Weathers,* 251 S. C. 67, 160 S. E. (2d) 133 (1968) we affirmed the lower court in vacating a default judgment where the Summons Complaint Not Served was sufficiently irregular to confuse the defendant.

Here, respondent brought two separate but identical actions against essentailly the same defendants. Each action was initiated by the service of a Summons Complaint Not Served. Respondent replied to appellants' written requests for information about the summons by restating the contents of the summons. Although the first summons was served on April 28, 1977 and the second summons was served on July 12, 1977, no complaint had been filed in either action by August 4, 1977, the date Mr. Tennyson wrote to the Richland County Clerk of Court seeking information about the summons.

In our view respondent's prosecution of these two identical actions against essentially the same defendants, coupled with

the use of identical Summons Complaint Not Served was sufficiently irregular to confuse the appellants. Based on our decisions in *Rochester, Crawford* and *Brown,* the failure of the appellants to answer or otherwise plead to the complaint was excusable. The finding of the lower court to the contrary was erroneous as a matter of law and is reversed.

On the record before us, however, we are unable to say whether the lower court erred in refusing to vacate the default judgment because the lower court made no finding as to whether the appellants possess a meritorious defense to the complaint. Both excusable neglect and a meritorious defense must exist before the moving party is entitled to have a default judgment vacated. *Hodges v. Fanning,* 266 S. C. 517, 224 S. E. (2d) 713 (1976).

Accordingly, we remand to the lower court to determine whether appellants possess a meritorious defense to the complaint.

If it is determined appellants possess a meritorious defense, the order of the lower court is reversed and appellants shall be permitted to answer or otherwise plead to the complaint.

If it is determined appellants do not possess a meritorious defense, the order of the lower court is affirmed.

In as much as this case is remanded for further proceedings, attention is called to our recent opinion of *Howard v. Holiday Inns, Inc.,* S. C., 246 S. E. (2d) 880 (1978) where we held under circumstances similar to this case that a defendant in default was entitled to an opportunity to participate in the hearing to assess damages. See also: *Petty v. Weyerhaeuser Company,* S. C., 251 S. E. (2d) 735 (1979).

Reversed In Part And Remanded.

Lewis, C. J., and Littlejohn, Ness and Rhodes, JJ., concur.