20928

G. A. R. LEASING, INC., Respondent, v. Laverne H. DeFOREST, Appellant.

(254 S. E. (2d) 50)

*William L. Harritt, Jr.,* of *Levi & Wittenberg,* Sumter, *for appellant.*

*Joseph O. Rogers, Jr.,* of *Rogers, Riggs & Rickenbaker,* Manning, *for respondent.*

April 4, 1979.

LITTLEJOHN, Justice.

This action was brought by the plaintiff, G. A. R. Leasing, Inc., seeking damages from the defendant, Laverne DeForest, by reason of a collision which is alleged to have occurred between the respective tractor-trailers of the parties on Interstate 95 in South Carolina, on June 15, 1976. Plaintiff effected service on the defendant, a nonresident, by serving a copy of the summons and complaint on the South Carolina Chief Highway Commissioner on April 21, 1977.

The defendant was residing in New York at the time, and retained the services of a New York attorney to assist him in his defense. On May 11, 1977, within the statutory time to answer, defendant's New York attorney mailed to plaintiff's attorney (1) a notice of appearance, and (2) a copy of the defendant's answer to the complaint. Those pleadings were accompanied by the defendant's attorney's cover letter, setting forth the defensive legal position which the defendant intended to present in the event that a negotiated settlement could not be achieved. Plaintiff's attorney did not reply to defendant's attorney's letter until June 24, 1977, at which time defendant's attorney was advised that he was being held in default. After the date for answering had passed, defendant retained the services of a South Carolina law firm. Thereafter, plaintiff's attorney advised that he would not voluntarily permit an answer to be filed and that, at the September term of court, he would move for a default judgment.

On September 14, 1977, defendant's South Carolina attorney served on plaintiff's attorney a motion to be relieved of any default status. The motion was on the grounds that ". . . Defendant was held in default by circumstances created by mistake, inadvertence, and excusable neglect and that Defendant has a good, substantial and meritorious defense to the allegations as contained in Plaintiff's Complaint, . . ."

The judge denied the motion. Defendant has appealed. We affirm.

In this appeal, the defendant submits that the circuit court erred in denying relief. The motion was addressed to the sound discretion of the trial judge. His ruling is supported by the evidence, and we find no error of law. The defendant's New York counsel knew, or should have known, that he was not authorized to file an answer in a South Carolina court, and his attempted answer was not sufficient to avoid default. 7 C. J. S. *Attorney and Client* § 16.

Counsel for the plaintiff concedes in oral argument that the action of the defendant and his attorney amounted to a notice of appearance and, accordingly, the case will proceed to a termination in keeping with the rule stated in *Howard v. Holiday Inns, Inc.*, S. C., 246 S. E. (2d) 880 (1978), and *Petty v. Weyerhaeuser*, S. C., 251 S. E. (2d) 735 (1979).

The order of the lower court is

Affirmed.

LEWIS, C. J., RHODES and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.