## 21366

W. T. LEWIS, Respondent, v. The CONGRESS OF RACIAL EQUAL-
ITY AND/OR C. O. R. E., INC. and C. O. R. E. Special Purpose
Fund, Appellants.

(274 S. E. (2d) 287)

*Franklin W. Allen,* Spartanburg, *for appellants.*

*Mitchell & Joe,* Greenville, *for respondent.*

January 8, 1981.

*Per Curiam:*

This appeal is from an order refusing to vacate a default judgment.

Appellant, a New York corporation allegedly invaded respondent's privacy by using respondent's name in soliciting funds for a charitable organization. On April 13, 1978, respondent obtained default judgment for $150,000.00 actual damages and $100,000.00 punitive damages.

A motion to vacate was made on August 7, 1978 pursuant to S. C. Code § 15-27-130 (1976). The motion was denied.

Appellant first asserts service under S. C. Code § 36-2-806 (1976) was improper, arguing that service under this section is limited by S. C. Code § 36-2-809 (1976). We disagree.

Under S. C. Code § 36-2-806 (1976) service may be effected outside of the State:

"(1) When the law of this State authorizes service outside this State, the service, when reasonably calculated to give actual notice, may be made:

(c) by any form of mail addressed to the person to be served and requiring a signed receipt; or . . ."

The record reveals that prior to obtaining service by registered mail, respondent attempted to serve appellant through the New York City Sheriff's Department but was unsuccessful for varying reasons. Service was then effected by letter receipted for by Anthony Young, an admitted employee of appellant. Additionally the trial judge received a telephone call from David Rosenhole, attorney for appellant, immediately prior to the hearing requesting a postponement. Moreover, at the motion to vacate the trial judge gave appellant ten (10) days to file additional papers.

There is no contention appellant did not have minimum, substantial business contacts in this State.

In the past decade substantial change has been effected in both the approach of the legislature and the courts by which the right to institute a suit by a resident against a foreign corporation or nonresident has been considerably liberalized. *International Shoe Co. v. State of Washington,* 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) ; *McGee v. International Life Ins. Co.,* 355 U. S. 220, 78 S. Ct. 199, 2 L. Ed. 223 (1957) ; *Deering Milliken Research Corp. v. Textured Fibres, Inc.,* 310 F. Supp. 491 (D. S. C. 1970) ; *Triplett v. R. M. Wade & Co.,* 261 S. C. 419, 200 S. E. (2d) 375 (1973) ; *Stephenson v. Jordan Volkswagon, Inc.,* 428 F. Supp. 195 (W. D. N. C. 1977) ; *Nucor Corp. v. Fanevil Construction, Inc.,* 264 S. C . 458, 215 S. E. (2d) 634 (1975).

■ It is within the power of the legislature to authorize constructive service of process upon a foreign corporation or nonresident who is doing business within this State. 62 Am. Jur. (2d) § 79, p. 861.[1] In no case has

---

[1] "A typical single act statute will provide for substituted service, or service by registered or certified mail, on foreign corporations which are transacting business in the state.—" "Arkansas, Colorado, Delaware, District of Columbia, Georgia, Hawaii, Idaho, Illinois, Kansas, Ken-

this Court held that the statutes did not authorize an exercise of jurisdiction which, in the opinion of the Court, was constitutionally permissible.

Under the factual situation here presented, we believe the respondent fully complied with the statutes.

We hold a foreign corporation doing business in this state may be served by the additional service method provided by Code § 36-2-806(1)(c). Procedural fairness is insured by the requirement in that section that the purported service by mail be "satisfactory to the Court." The trial court held the service was proper. We agree.

Appellant next contends that the default judgment should be vacated under Code § 15-27-130, which provides a remedy for relief from judgments. Under this section, in order to obtain relief the moving party must demonstrate (1) that the judgment or order was taken against him through his mistake, inadvertence, surprise, or executable neglect, and (2) that he has a meritorious defense.

This case is one more in a series of cases which have given the court great concern. They involve large awards in default claims involving unliquidated damages. *See Rochester v. Holiday Magic, Inc.,* 253 S. C. 253 S. C. 147, 169 S. E. (2d) 387 (1969); *Howard v. Holiday Inns, Inc.,* 271 S. C. 238, 246 S. E. (2d) 880 (1978); *Petty v. Weyerhaeuser Co.,* 272 S. C. 282, 251 S. E. (2d) 735 (1979), and *Southland Mobile Homes v. Associates Financial Services,* S. C., 265 S. E. (2d) 258 (1980). *Also see Renney v. Dobbs House, Inc.,* S. C., 274 S .E. (2d) 290 filed herewith.

As indicated hereinabove, this action is one for alleged invasion of privacy by the appellants in using respondent's name in connection with the solicitation of funds for a char-

tucky, Louisiana, Maine, Maryland, Michigan, Mississippi, Missouri, Montana, New Mexico, New York, North Dakota, Ohio, Oklahoma, Oregon, South Carolina, Tennessee, Texas, Washington, and Wyoming." Trial Lawyers Guide, Tips & Comments, Jurisdiction Over Foreign Corporations, pages 81, 85.

itable organization; such is alleged to have occurred after respondent left the employment of the appellants. The lower court assessed damages at a total of $250,000.00.

The problems we encounter growing out of default judgments normally involve the right to defend; in many cases the court, at least peripherally, is concerned with the proper assessment of damages. There are few problems where only liquidated damages are involved. The complaint will usually alert a defendant as to the amount of the verdict sought. In liquidated-damages cases, the amount is usually a sum certan or at least the amount is capable of ascertainment by computation. Liquidated damages more often grow out of actions *ex contractu* rather than actions *ex delicto*.

In the case of unliquidated damages a defendant, though in default as to liability, has a right to expect that the judgment of the court, or the verdict of the jury, will be in keeping not only with the allegations of the complaint and the prayer for relief, but also the proof which has been submitted. Even though the evidence used as a basis for procuring the $250,000.00 judgment here is not before us, this award is patently so grossly out-of-proportion to the delicts alleged in the complaint that this court, as a matter of common law and independent of § 15-27-130, should not allow the same to stand. We raise the issue *ex mero motu*.

It is generally recognized that courts should closely scrutinize default judgments to prevent harsh results and drastic action. It is the policy of the law to favor the trial of cases on the merits.

In 46 Am. Jur. (2d) *Judgments* § 807, we find the following:

"Unfair, unjust, or unconscionable circumstances.

It has been declared that no rule can be formulated setting a definite boundary beyond which a court of equity cannot go as a matter of power, or will not go as a matter of policy,

in preventing the enforcement of an unconscionable judgment. Indeed, there is authority for the rule that in a proper case, a court of equity may look behind a judgment at law in order to do justice between the parties, and that relief from a judgment may be decreed in equity where it is against conscience to execute the judgment. . . ."

Whether a defendant is or is not in default, it is incumbent upon the judge and/or the jury to make a judicial determination of the amount of damages based on the proof, and such proof must be by the preponderance of the evidence.

In *Howard v. Holiday Inns, Inc., supra,* we held that where a defendant has made an appearance but is in default, liability is admitted but the amount of damages is not; the amount must be proved. We further held that the appearing party was entitled to limited participation in the damages-assessment hearing. Problems growing out of such hearings convince us that hereafter in all unliquidated-damages default hearings, even when no appearance has been made, it is the better practice for claimant's counsel to give to the defending party four days notice, as set out in § 15-9-960 of the Code, of the time and place of the hearing. Participation by the defending party will give to the judge and/or jury a broader understanding of the amount which should be awarded and will tend to insure a more fair verdict and judgment. When the defaulting party is not given an opportunity to participate in the damages hearing, the trial court and this court should closely scrutinize the award to prevent harsh, unwarranted results.

The award of $250,000.00 is vacated and the matter is remanded to the lower court for a hearing *de novo* on the damages issue only. Defense counsel shall be notified of the hearing and shall be entitled to cross-examine plaintiff's witnesses and to object to evidence, as permitted in *Howard v. Holiday Inns, Inc., supra.*

The attention of the trial bench and bar is called to §§ 15-35-110 and 14-15-30. The fact that defendant is in default does not mean that these sections are inapplicable. When a default unliquidated-damages matter is referred to the referee or to a master in equity, § 15-31-100 is also applicable. Compliance with these sections will assure a record which may be reviewed.

The judgment is vacated for purposes indicated hereinabove.

Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.