21367

Mark T. RENNEY, Appellant, v. DOBBS HOUSE, INC., Respondent.

(274 S. E. (2d) 290)

*Ronald Motley, Blatt & Fales,* Barnwell, *Walter Summer,* Law Office of *John Bolt Culbertson,* Rock Hill, *for appellant.*

*William M. Grant, Jr., Haynsworth, Perry, Bryant, Marrion & Johnstone,* Greenville, *for respondent.*

January 8, 1981.

*Per Curiam:*

Appellant Mark T. Renney, appeals from an order vacating a default judgment against respondent, Dobbs House, Inc. We reverse and remand.

On August 10, 1979, appellant served a summons and complaint on respondent by leaving a copy with John W. Elford, assistant manager of a restaurant owned and operated by respondent. The assistant manager delivered the pleadings to the city manager the following day, who by his own admission, took no action with regard to the papers until he gave them to the area manager on September 6, 1979.

Appellant moved for and was granted a default judgment for $200,000.00 on September 7, 1979.

Respondent subsequently moved to vacate the judgment under § 15-27-130, 1976 S. C. Code of Laws. The trial court vacated the judgment based upon the circumstances surrounding service of the summons and complaint.

Appellant asserts the trial court erred in holding respondent's failure to timely answer resulted from mistake, inadvertence, surprise or excusable neglect. We agree.

The lower court's determination of motions to vacate default judgment will not be disturbed absent a showing of abuse of discretion. *Stewart v. Floyd,* S. C., 265 S. E. (2d) 254 (1980). An abuse of discretion arises in cases in which the judge was controlled by some error of law or where the order, based upon factual, as distinguished from legal, conclusions, is without evidentiary support. *Stewart v. Floyd, supra.*

Here the trial court held respondent was unable to serve responsive pleadings within the statutory period because the appellant used a method of service different from that utilized in other proceedings. In previous

litigation between the parties service of process was accomplished by the appellant serving the respondent through its registered agent, pursuant to § 33-5-60, 1976 S. C. Code of Laws. In the instant case, appellant served the respondent by delivering a copy of the summons and complaint to an agent of the respondent pursuant to § 15-9-210, 1976 S. C. Code of Laws. Service of process upon an agent under § 15-9-210, *supra,* is a proper method of service under South Carolina law.

We conclude the trial court erred in vacating the default judgment.

Respondent asserts two additional sustaining grounds for vacating the default judgment. Respondent first asserts the complaint is defective on its face.. This is without merit.

The first cause of action was for breach of contract accompanied by a fraudulent act. Respondent asserts the complaint fails to allege a fraudulent act. Assumming this to be true, the record reveals the appellant waived his rights to punitive damages, at the hearing, and proceeded solely on the alleged breach of contract. A cause of action for breach of contract is sufficiently set forth in the complaint.

Dobbs House next asserts the complaint is defective in that it alleged Dobbs was at all times acting as agent or representative of other defendants who were not served. Respondent relies on the principle that an agent is not liable on a contract entered into on behalf of a known principal. It is stated in *Skinner & Ruddock, Inc. v. London Guarantee & Accident Co.,* 239 S. C. 614, 124 S. E. (2d) 178 (1962):

"[W]here an agent enters into a contract for a known principal, while acting within his authority as such agent, he is not personally liable on the resultant contract. The liability, if any, for a breach of such contract is that of the principal alone."

Moreover, it was also alleged a contract for short term disability benefits was entered into between appellant and respondent. We conclude the complaint was not defective.

Dobbs' second sustaining ground submits that it had made a sufficient appearance to be entitled to notice of the hearing on damages. The respondent did not contact the appellant prior to the hearing. The recent decisions of this court on what constitutes an appearance sufficient to entitle a party to notice of a hearing on damages clearly indicates the necessity of some purposeful contact between the parties prior to the hearing.[1] In the light of the view we take, set forth hereinafter, the issue becomes moot, but we reach the result respondent seeks and remand for a hearing on the issue of damages with respondent participating.

This case is one more in a series of cases which has given the court great concern. They involve large awards in default claims involving unliquidated damages. *See Rochester v. Holiday Magic, Inc.,* 253 S. C. 147, 169 S. E. (2d) 387 (1969); *Howard v. Holiday Inns, Inc.,* 271 S. C. 238, 246 S. E. (2d) 880 (1978); *Petty v. Weyerhaeuser Co.,* 272 S. C. 282, 251 S. E. (2d) 735 (1979), and *Southland Mobile Homes v. Associates Financial Services,* S. C., 265 S. E. (2d) 258 (1980). *Also see Lewis v. C.O.R.E.,* S. C. 274 S. E. (2d) 287 filed herewith.

In *Howard v. Holiday Inns, Inc., supra,* we held that a defendant in default admitted liability but did not admit the damages as set forth in the prayer for relief. The amount of damages must be proved by the preponderance of the evidence. Procedures have been established whereby a defaulting debtor may attack the order of default, but no effective procedures have been heretofore provided a

---

[1] See *McEachern v. Poston,* 273 S. C. 122, 254 S. E. (2d) 796 (1979); *G. A. R. Leasing, Inc. v. DeForest,* 273 S. C. 41, 254 S. E. (2d) 50 (1979); *Thompson v Wilder,* 272 S. C. 563, 253 S. E. (2d) 109 (1979); *Petty v. Weyerhaeuser Co.,* 272 S. C. 282, 251 S. E. (2d) 735 (1979); *Howard v. Holiday Inns, Inc.,* 271 S. C. 238, 246 S. E. (2d) 880 (1978).

debtor whose damages have been assessed improperly. Even though the evidence used as a basis for procuring the $200,000.00 judgment is not before us, this award is patently so greatly out-of-proportion to the wrongs alleged in the complaint that this court, as a matter of common law, and independent of § 15-27-130, should not allow the same to stand. We raise the issue *ex mero motu.*

It is generally recognized that courts should closely scrutinize default judgments to prevent harsh results and drastic action. It is the policy of the law to favor the trial of cases on the merits.

In 46 Am. Jur. (2d) *Judgments* § 807, we find the following:

"Unfair, unjust, or unconscionable circumstances.

It has been declared that no rule can be formulated setting a definite boundary beyond which a court of equity cannot go as a matter of power, or will not go as a matter of policy, in preventing the enforcement of an unconscionable judgment. Indeed, there is authority for the rule that in a proper case, a court of equity may look behind a judgment at law in order to do justice between the parties, and that relief from a judgment may be decreed in equity where it is against conscience to execute the judgment. . . ."

Whether a defendant is or is not in default, it is incumbent upon the judge and/or the jury to make a judicial determination of the amount recoverable based on the proof.

In *Howard v. Holiday Inns, Inc., supra,* we held that where an appearance had been made the defaulting party was entitled to participate in a limited way in the damages-assessment hearing. Problems growing out of such hearings convince us that hereafter in all unliquidated-damages default hearings, even when no appearance has been made, it is the better practice for claimant's counsel to give

to the defending party four days notice, as set out in § 15-9-960 of the Code, of the time and place of the hearing. Participation by the defending party will give to the judge and/or jury a broader understanding of the amount which should be awarded and will tend to insure a more fair verdict and judgment. When the defaulting party is not given an opportunity to participate in the damages hearing, the trial court and this court should closely scrutinize the award to prevent harsh, unwarranted results.

The award of $200,000.00 is vacated and the matter is remanded to the lower court for a hearing *de novo* on the damages issue only. Defense counsel shall be notified of the hearing and shall be entitled to cross-examine plaintiff's witnesses and to object to evidence, as permitted in *Howard v. Holiday Inns, Inc., supra.*

The attention of the trial bench and bar is called to §§ 15-35-110 and 14-15-30. The fact that defendant is in default does not mean that these sections are inapplicable. When a default unliquidated-damages matter is referred to the referee or to a master in equity, § 15-31-100 is also applicable. Compliance with these sections will assure a record which may be reviewed.

The judgment is vacated for purposes indicated hereinabove.

Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.

HARWELL, J., not participating.