**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carey Graham and Rodney A. Chardukian, Respondents,

v.

Malcolm M. Babb, Brenda R. Babb, Cable Plus of Carolina, Inc., South Bay Lakes Cable Partnership, Southbridge Cable Television, LLC, and Renaissance Enterprises, Inc., now known as Condo Services, Inc., Defendants,

Of whom Brenda R. Babb and Renaissance Enterprises, Inc., now known as Condo Services, Inc., are the Appellants.

Appellate Case No. 2011-198607

---

Appeal From Horry County
R. Ferrell Cothran, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2013-UP-037
Submitted December 4, 2012 – Filed February 6, 2013

---

**AFFIRMED**

---

William Isaac Diggs, of the Law Offices of William Isaac Diggs, of Myrtle Beach, for Appellant Renaissance Enterprises, Inc.

Brenda R. Babb, of Calabash, North Carolina, pro se.

Frank H. DuRant, of DuRant & Martin, of Myrtle Beach, for Respondents.

———————————

**PER CURIAM:** Brenda R. Babb and Renaissance Enterprises, Inc., now known as Condo Services, Inc. (REI), appeal the trial court's order, arguing the trial court erred in (1) refusing to allow Babb to testify at the damages hearing and failing to give Babb and REI credit for costs they incurred; (2) awarding punitive damages; and (3) allowing Graham to act as receiver and collect the judgment. We affirm.

1.     We hold the trial court properly refused to allow Babb to testify at the damages hearing. A "defaulting defendant has conceded liability." *Howard v. Holiday Inns, Inc.*, 271 S.C. 238, 242, 246 S.E.2d 880, 882 (1978). Although "a defaulting defendant does not concede the [a]mount of liability," his or her participation in a damages hearing is limited to cross-examining witnesses and objecting to the plaintiff's evidence. *Id.* at 241-42, 246 S.E.2d at 882. Additionally, we hold the trial court was not required to consider Babb and REI's proffer of costs because their participation in the damages hearing was limited to cross-examining witnesses and objecting to Respondents' evidence.

2.     We hold the award of punitive damages was supported by the evidence and was not excessive. "Punitive damages are recoverable in conversion cases if the defendant's acts have been willful, reckless, and/or committed with conscious indifference to the rights of others." *Mackela v. Bentley*, 365 S.C. 44, 49, 614 S.E.2d 648, 651 (Ct. App. 2005). When evaluating whether an award of punitive damages violates due process, this court conducts a de novo review. *Jenkins v. Few*, 391 S.C. 209, 221, 705 S.E.2d 457, 463 (Ct. App. 2010), *cert. granted* February 13, 2012. A court conducting a post-judgment review of punitive damages must consider the degree of reprehensibility of the defendant's conduct, the disparity between the actual or potential harm suffered by the plaintiff and the amount of the punitive damages award, and the difference between the punitive damages award and the civil penalties imposed in comparable cases. *Mitchell v. Fortis Ins. Co.*, 385 S.C. 570, 585, 686 S.E.2d 176, 184 (2009). We hold sufficient evidence of reprehensible conduct exists to support the punitive damages award without considering Babb and REI's discovery abuse. Although the harm was economic rather than physical, the harm involved repeated incidents over nearly

seven years.  The complaint alleged Babb evaded Respondents' efforts to reduce an oral agreement to writing, and Babb and REI collected revenue without making payments to the entities that owned the cable rights.  This mistake was not accidental because Babb and REI were aware as early as June 24, 2004, when the complaint was filed, that Respondents were claiming an interest in the money collected.  Additionally, we hold the disparity between the actual damages award and the punitive damages award is not unreasonable or excessive.  The punitive damages award of $200,000.00 is less than the actual damages award of $776,604.44; accordingly, the ratio is .26, which does not exceed a single-digit ratio.  *See id.* at 588, 686 S.E.2d at 185 ("[T]he Supreme Court has . . . consistently declined to adopt a bright line ratio or simple mathematical test . . . [but] few awards exceeding a single-digit ratio between punitive and compensatory damages . . . will satisfy due process." (internal quotation marks omitted)).  Given the length of the litigation and the fact that Babb and REI continued to convert funds belonging to the entities for more than six years, we hold an award of some type was necessary to deter similar conduct in the future.  Furthermore, the award was reasonably related to the harm, and Babb has the ability to pay, as evidenced by her affidavit stating she has assets valued at over $1,000,000.00 with no financial liabilities or obligations.  *See id.* ("[A] court, when determining the reasonableness of a particular ratio of actual or potential harm to a punitive damages award, may consider: the likelihood that the award will deter the defendant from like conduct; whether the award is reasonably related to the harm likely to result from such conduct; and the defendant's ability to pay.").  Finally, a review of other cases awarding punitive damages in conversion actions shows the punitive damages awarded here are not excessive.  *See Mackela*, 365 S.C. at 46, 49, 614 S.E.2d at 649, 651 (affirming an award of $50,000.00 in punitive damages for conversion when the actual damages were only $13,320.23).

3.     We hold the trial court did not err in appointing Graham as receiver.  The order appointing an independent party as a receiver was a temporary order; accordingly, it was not law of the case.  *See G-H Ins. Agency, Inc. v. Travelers Ins. Cos.*, 270 S.C. 147, 173, 241 S.E.2d 534, 546 (1978) ("[A court] considering a new case on the merits is not bound by decisions on legal issues made by a [court] considering the case on application for a temporary injunction.").  Furthermore, we hold the trial court did not err in providing that Graham could apply any funds due to Babb against the judgment.

**AFFIRMED.**[1]

**FEW, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.