**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Carl Eugene Berry, Respondent,

v.

Jess T. Reichardt and Thomas H. Reichardt, Appellants.

Appellate Case No. 2014-001588

Appeal From Saluda County
Letitia H. Verdin, Circuit Court Judge

Unpublished Opinion No. 2015-UP-441
Submitted July 1, 2015 – Filed August 26, 2015

**AFFIRMED**

Philip Herman Woolhiser, of Woolhiser, Inc., of Aiken, for Appellants.

Jeff D. Griffith, III, and Richard Lee Whitt, both of Austin & Rogers, PA, of Columbia, for Respondent.

**PER CURIAM:** Jess and Thomas Reichardt appeal an order for damages, arguing the trial court erred in (1) finding they intentionally trespassed on Carl Berry's land when they cut timber there, (2) finding they had record notice of the property boundary, (3) awarding actual damages for the timber cutting when Berry did not

present sufficient evidence, (4) awarding $4,193.90 in actual damages, and (5) awarding punitive damages.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Issues 1 and 2:  *Ammons v. Hood*, 288 S.C. 278, 282, 341 S.E.2d 816, 818 (Ct. App. 1986) ("In a default action, the default judgment settles the issue of liability.").

2. As to Issue 3:  *Wells Fargo Bank, N.A. v. Marion Amphitheatre, LLC*, 408 S.C. 87, 90, 757 S.E.2d 557, 558 (Ct. App. 2014) (providing a plaintiff must prove damages by a preponderance of the evidence even in a default case); S.C. Code Ann. § 16-11-615 (2003) ("If it is necessary to institute civil action to recover the fair market value of the timber, . . . the owner, in case of private lands, shall receive damages of not to exceed exactly three times the fair market value of the timber established by a registered forester if judgment is in favor of . . . the owner."); *Wimberly v. Barr*, 359 S.C. 414, 421, 597 S.E.2d 853, 857 (Ct. App. 2004) ("While his recovery of damages for the timber may be limited to three times the fair market value of the timber removed, the statute does not express an intent by the Legislature that all damages resulting from that removal be capped at three times the fair market value.").

3. As to Issue 4:  *Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 310, 594 S.E.2d 867, 873 (Ct. App. 2004) ("The trial [court] has considerable discretion regarding the amount of damages . . . ."); *id.* at 311, 594 S.E.2d at 873 ("Our task in reviewing a damages award is not to weigh the evidence, but to determine if there is any evidence to support the damages award."); *Marion Amphitheatre*, 408 S.C. at 90, 757 S.E.2d at 558 (providing a plaintiff must prove damages by a preponderance of the evidence even in a default case); *Austin*, 358 S.C. at 311, 594 S.E.2d at 874 ("Actual damages are properly called compensatory damages, meaning to compensate, to make the injured party whole, to put him in the same position he was in prior to the damages received insofar as this is monetarily possible.  Actual damages are awarded to a litigant in compensation for his actual loss or injury." (citation omitted)).

4. As to Issue 5:  *Welch v. Epstein*, 342 S.C. 279, 305, 536 S.E.2d 408, 421 (Ct. App. 2000) ("The trial [court] is vested with considerable discretion over the amount of a punitive damages award, and this [c]ourt's review is limited to correction of errors of law."); *Austin*, 358 S.C. at 313, 594 S.E.2d at 875 ("Punitive damages can only be awarded where the plaintiff proves by clear and convincing evidence the defendant's misconduct was willful, wanton, or in reckless disregard

of the plaintiff's rights."); *id.* at 313-14, 594 S.E.2d at 875 ("[F]actors relevant to consideration of punitive damages are: (1) the character of the defendant's acts; (2) the nature and extent of the harm to plaintiff which defendant caused or intended to cause; (3) defendant's degree of culpability; (4) the punishment that should be imposed; (5) duration of the conduct; (6) defendant's awareness or concealment; (7) the existence of similar past conduct; (8) likelihood the award will deter the defendant or others from like conduct; (9) whether the award is reasonably related to the harm likely to result from such conduct; and (10) defendant's wealth or ability to pay." (citing *Gamble v. Stevenson*, 305 S.C. 104, 406 S.E.2d 350 (1991))); *Limehouse v. Hulsey*, 404 S.C. 93, 116, 744 S.E.2d 566, 578-79 (2013) (providing that a defaulting defendant's participation in a damages hearing is limited to cross-examining witnesses and objecting to evidence).

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.