**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Darrin Vander Toorn, Respondent,

v.

Billeter Recruiting, LLC, and William Ancar, Appellants.

Appellate Case No. 2018-000207

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2025-UP-430
Submitted October 1, 2025 – Filed December 23, 2025

**AFFIRMED**

Howard Walton Anderson, III, of Truluck Thomason, LLC, of Greenville, for Appellants.

Darrin Vander Toorn, of Cartersville, Georgia, pro se.

**PER CURIAM:** Billeter Recruiting, LLC and William Ancar (collectively, Appellants) appeal the circuit court's (1) denial of their motion to set aside the entry of default and (2) entrance of a default judgment in the amount of $107,061. On appeal, Appellants argue the circuit court erred in denying their motion to set aside the entry of default and entering a default judgment in the amount of

$107,061.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the circuit court did not err in denying Appellants' motion to set aside the entry of default because Appellants failed to show good cause.  Because we hold Appellants failed to show good cause, the court did not err in not considering the *Wham*[1] factors.  *See Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 606, 681 S.E.2d 885, 888 (2009) ("The decision of whether to set aside an entry of default . . . lies solely within the sound discretion of the [circuit court]."); *id.* ("The [circuit] court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion."); *id.* at 607, 681 S.E.2d at 888 ("An abuse of discretion occurs when the [court] issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support."); Rule 55(a), SCRCP ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default upon the calendar (file book)."); Rule 55(c), SCRCP ("For good cause shown the court may set aside an entry of default . . . ."); *Sundown Operating Co.*, 383 S.C. at 607, 681 S.E.2d at 888 (stating the good cause "standard requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice"); *id.* at 607-08, 681 S.E.2d at 888 ("Once a party has put forth a satisfactory explanation for the default, the [circuit] court must also consider: (1) the timing of the motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted."); *id.* at 608, 681 S.E.2d at 888 ("The [circuit] court need not make specific findings of fact for each factor if there is sufficient evidentiary support on the record for the finding of the lack of good cause."); *Campbell v. City of North Charleston*, 431 S.C. 454, 462 n.5, 848 S.E.2d 788, 793 n.5 (Ct. App. 2020) (concluding an appellate court did not need to address the *Wham* factors because the City failed to put forth a satisfactory explanation for the default).

2.  We hold the circuit court did not err in entering a default judgment in the amount of $107,061.  The circuit court did not err in awarding the requested amount for Vander Toorn's May and June 2017 salaries because Vander Toorn sufficiently pled his entitlement to the salaries; Appellants admitted through default that the salary payments were owed; and Vander Toorn testified at the

---

[1] *Wham v. Shearson Lehman Bros., Inc.*, 298 S.C. 462, 381 S.E.2d 489 (Ct. App. 1989).

damages hearing that he was owed a total of $20,000 in salary for May and June in accordance with the provisions in the Agreement. The circuit court also did not err in awarding commissions because Vander Toorn sufficiently requested commissions in his complaint; Appellants admitted through default that the commissions were owed; Vander Toorn testified at the damages hearing regarding the amounts of commissions owed to him; and although Appellants attempted to contest Vander Toorn's *entitlement* to commissions through cross-examination at the damages hearing for various reasons, they conceded the specific monetary amounts were correct. Finally, the circuit court did not err in awarding treble damages because in his complaint, Vander Toorn alleged Appellants violated the South Carolina Payment of Wages Act (the Act);[2] their "violations of the Act [were] willful as set forth [in the complaint], particularly in their various acts of dishonesty and fraud and in dishonesty to the investigator in the informal resolution procedure contemplated [in the Act]"; and he was entitled to treble damages and reasonable attorney's fees as a result of Appellants' "willful violations of the Act." Appellants admitted these allegations through default. Therefore, we hold the circuit court properly exercised its discretion and did not err in awarding treble damages, attorney's fees, and costs. Accordingly, we affirm the entrance of a default judgment in the amount of $107,061. *See Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 307, 698 S.E.2d 773, 777 (2010) ("[A]ctions for violation of the . . . Act are actions at law."); *id.* ("In an action at law tried without a jury, the [circuit court's] findings have the force and effect of a jury verdict upon the issues and are conclusive on appeal when supported by competent evidence."); § 41-10-10(2) (defining wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract"); § 41-10-80(C) ("In case of any failure to pay wages due to an employee as required by [s]ection 41-10-40 or 41-10-50 the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow."); *Wells Fargo Bank, N.A. v. Marion Amphitheatre, LLC*, 408 S.C. 87, 90, 757 S.E.2d 557, 558 (Ct. App. 2014) ("A defendant in default admits liability but not the damages . . . ." (quoting *Solley v. Navy Fed. Credit Union, Inc.*, 397 S.C. 192, 203, 723 S.E.2d 597, 603 (Ct. App. 2012))); *id.* (stating a "defaulting defendant has conceded liability" but "does not concede the [a]mount of liability" (emphasis added) (quoting *Solley*, 397 S.C. at 203, 723 S.E.2d at 603)); *id.* ("Even '[i]n a default case, [therefore], the plaintiff must prove . . . the

---

[2] S.C. Code Ann. §§ 41-10-10 to -110 (2021 & Supp. 2025).

amount of his damages, and such proof must be by a preponderance of the evidence.'" (alterations in original) (quoting *Solley*, 397 S.C. at 204, 723 S.E.2d at 603)); *Limehouse v. Hulsey*, 404 S.C. 93, 116, 744 S.E.2d 566, 578-79 (2013) ("If our courts were to allow a defaulting defendant to fully participate in a post-default hearing, we believe there would be no consequence of default."); *id.* at 116, 744 S.E.2d at 579 ("It is well established that the relief granted in a default judgment is limited to that supported by the allegations in the Complaint and the proof submitted at the damages hearing."); *Roche v. Young Bros., Inc., of Florence*, 332 S.C. 75, 81-82, 504 S.E.2d 311, 314 (1998) ("Though a defaulting party may be entitled to notice of the damages hearing, that party is limited to cross-examining witnesses and objecting to evidence."); *Goodwyn v. Shadowstone Media, Inc.*, 408 S.C. 93, 98, 757 S.E.2d 560, 563 (Ct. App. 2014) (stating the court "can take its own view of the facts" when reviewing an award of treble damages (quoting *Ross v. Ligand Pharm., Inc.*, 371 S.C. 464, 471, 639 S.E.2d 460, 464 (Ct. App. 2006))); *Rice v. Multimedia, Inc.*, 318 S.C. 95, 98, 456 S.E.2d 381, 383 (1995) (indicating the award of treble damages is in the court's discretion, which comports with the purpose of the Act—"to protect employees from the unjustified and wilful retention of wages by the employer"); *see generally id.* ("The imposition of treble damages in those cases where there is a bona fide dispute would be unjust and harsh."); *id.* at 99-100, 456 S.E.2d at 384 (finding the circuit court did not abuse its discretion in declining to award treble damages after determining there was "no evidence that [employer] acted intentionally or in bad faith"); *Temple v. Tec-Fab, Inc.*, 381 S.C. 597, 600, 675 S.E.2d 414, 415 (2009) ("A finding that an employee is entitled to recover unpaid wages is not equivalent to a finding that there existed no bona fide dispute as to the employee's entitlement to those wages.").

**AFFIRMED.**[3]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[3] To the extent Appellants requested oral argument in their appellate brief, we decline to hold oral argument in this case and instead decide the case without oral argument pursuant to Rule 215, SCACR.