0145

Nancy BOLAND, Administratrix of the Estate of Francis P. Boland, III, Respondent, v. SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, J. B. Thomason, American Fiberglass Corporation, American Fiberglass Liquidating Corporation, General Recreation, Inc., and the Home Indemnity Company, Defendants, of whom General Recreation, Inc. is Appellant.

Appeal of GENERAL RECREATION, INC.

(315 S. E. (2d) 143)

Court of Appeals

*William H. Grimball* of *Grimball, Cabaniss, Vaughan & Robinson,* Charleston, *for appellant.*

*John E. Parker* of *Peters, Murdaugh, Parker, Elzroth & Detrick,* Hampton, *for respondent.*

April 9, 1984.

SHAW, Judge:

The appellant — General Recreation, Inc. is appealing a Circuit Court order denying its motion to set aside a default judgment in an action for wrongful death. We affirm.

Francis Boland was electrocuted while attempting to launch a sailboat which allegedly came in contact with electrical transmission lines. An action was filed by Boland's estate against General Recreation asserting a products liability claim for the manufacture and sale of a defective and dangerous sailboat.

General Recreation was served by certified letter dated October 30, 1979. On November 9, 1979, counsel for General Recreation, Mr. McVety, wrote counsel for Boland's estate, Mr. Parker, and requested an extension of time to answer "until the insurance carrier has engaged counsel which should not be later than November 30, 1979. . . . If by that date, you have not received an appearance, we will engage local counsel who will appear on behalf of our client. . . . If the foregoing is not satisfactory, please let me know." Parker never responded to this letter.

On January 9, 1980, Parker filed an affidavit of default to which a copy of McVety's letter was attached. An order of default was issued on January 12, 1980. Parker notified McVety, by letters dated February 27 and March 9, 1980, of a hearing before a master-in-equity to assess damages. At the hearing on April 12, 1980, General Recreation moved to quash service, set aside the default judgment, and dismiss the action. These motions were based solely on the lack of *in personam* jurisdiction over the corporation.

On May 4, 1981, more than one year after notice of the default judgment, General Recreation served Parker with a notice of alternative grounds on which to set aside the motion for default. The additional grounds alleged were lack of notice of the default motion, excusable neglect, and meritorious defenses. See Section 15-27-130. Counsel for General Recreation had apparently forwarded the summons and complaint to an insurance company with whom coverage had been cancelled. The Circuit Judge found no evidence that General Recreation had made a general appearance prior to the default judgment, found no excuse for failing to answer, and denied the motion to set aside the default judgment. He also found that South Carolina had *in personam* jurisdiction over the corporation after General Recreation conceded it owned property and conducted business in this state.

A motion to set aside a judgment by default is addressed to the sound discretion of the trial judge whose ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. *U.S.C. Federal Credit Union v. Moye,* 270 S. C. 199, 241 S. E. (2d) 558 (1978); *Ulmer Lumber Co. v. Patterson,* 272 S. C. 208, 250 S. E. (2d) 121 (1978). An abuse of discretion arises in cases which: (1) the judge issuing the order was controlled by some error of law; or (2) where the order, based upon factual, as distinguished from legal, conclusions, is without evidentiary support. *Thermal Insulation Co. v. Town & Campus, Inc.,* 271 S. C. 478, 248 S. E. (2d) 310 (1978); *Ledford v. Pennsylvania Life Ins. Co.,* 267 S. C. 671, 230 S. E. (2d) 900 (1976).

The initial question to be decided is whether the trial judge abused his discretion in refusing to set aside the default order on the grounds of excusable neglect. General Recreation bears the burden of making a prima facie

showing of excusable neglect. *Rajcich v. Rajcich,* 256 S. C. 121, 181 S. E. (2d) 11 (1971).

General Recreation claims that Parker's refusal to respond to its request for an extension of time to answer is the reason for its failure to answer, that a prompt reply to that request would have removed all uncertainties from the situation, and that it was exercising due diligence in this matter.

While it is perhaps true Parker should have answered the letter from General Recreation requesting an extension of time as a matter of common courtesy, he was under no legal obligation to do so.

While there has been a showing of neglect in this matter, we are not convinced that it is excusable. *See Scruggs v. Ballenger Corporation,* 260 S. C. 509, 197 S. E. (2d) 91 (1973).

General Recreation next claims that the trial judge erred in refusing to set aside the default judgment because it did not receive notice of the motion for an order of default as required in Section 15-9-970. That code section reads

> When a defendant shall not have demurred or answered, service of notice or papers in the ordinary proceedings in an action need not be made upon him unless he be imprisoned for want of bail but shall be made upon him or his attorney *if notice of appearance in the action has been given.* (emphasis added)

It is undisputed that Parker did not serve General Recreation's attorney with a notice of his default motion.

The issue here is whether McVety's letter of November 9 constituted "notice of appearance." If, by its letter, General Recreation is deemed to have made a general appearance, then Parker would have been required to give notice of the default motion.

Whether a general appearance has been made involves a matter of intent, but the conduct of a defendant may constitute an appearance as a matter of law. *Thompson v. Queen City Coach Co.,* 169 S. C. 231, 168 S. E. 693 (1933); *Petty v. Weyerhaeuser Co.,* 272 S. C. 282, 251 S. E. (2d) 735 (1979). If an appearance has been made as a matter of law, then proof of such intent is not required. *Petty v. Weyerhaeuser, supra.*

It is generally held that an agreement or stipulation extending time to plead constitutes a general appearance. *Security Management, Inc. v. Schoolfield Furniture Industries, Inc.*, 275 S. C. 466, 272 S. E. (2d) 638 (1980). Here though, no agreement was reached or stipulation made as Parker never answered the letter of November 9th. General Recreation relies heavily on the case of *Petty v. Weyerhaeuser, supra,* where an agreement allowing an extension of time to answer was held to be a general appearance.

The *Petty* case is readily distinguishable from the present situation. Apart from the fact that an agreement was actually reached in *Petty, Petty* involved a series of communications by telephone and letter between the attorneys for each side. Here, there was only one single letter prior to the default judgment being obtained. In that letter, McVety requested time for an attorney to be engaged. In *Petty,* one letter specifically requested that it be considered an "informal note of appearance" and that settlement possibilities be explored. Based upon the facts before us, we cannot say that the letter of November 9 constituted a general appearance as a matter of law.

Thus, we turn to the question of intent. General Recreation's next move in this lawsiut following McVety's letter was to make a special appearance on April 2, 1980, contesting jurisdiction. No other communication was received from the corporation during the period from November 9 to April 2 even though Parker mailed two letters notifying it of a hearing to assess damages. General Recreation's failure to communicate and its special appearance of April 2 belie its position now that the November 9 letter was intended as a general appearance. Not having made a general appearance prior to the motion for default being filed, General Recreation was not entitled to notice thereof under Section 15-9-970.

As an additional sustaining ground, it is contended that General Recreation failed to move to set aside the default judgment within the one year period as required in Section 15-27-130. In view of our decisions on the two other issues presented in this case, we need not consider this one. Accordingly, the judgment below is

Affirmed.

SANDERS, C. J., and BELL, J., concur.