24438

Scott ELLIOTT, individually and as Chairman of the Richland County Republican Party, Appellant v. RICHLAND COUNTY, Richland County Election Commission and the Richland County Democratic Party, Respondents.

(472 S.E. (2d) 256)

Supreme Court

*John F. Hardaway* and *Dalton L. Oldham,* Columbia, *for Appellant.*

*Danny C. Crowe, Larry C. Smith,* Columbia, *for Respondent Richland County Election Commission.*

*Joseph M. McCulloch, Jr.,* Columbia, *for Respondent Richland County Democratic Party.*

Heard Oct. 19, 1995.

Decided June 10, 1996; Reh. Den. July 2, 1996.

BURNETT, Justice:

Appellant commenced this action seeking an injunction against the implementation of a reapportionment ordinance enacted by the Richland County Council (hereinafter "Council") and a declaratory judgment regarding the validity of the ordinance. The circuit court denied Appellant's request for an injunction and held that the challenged reapportionment ordinance was valid. We reverse and remand.

## FACTS

Richland County is governed by an eleven-member County Council. In January, 1992, Council enacted an ordinance (hereinafter "Plan 1") which reapportioned all eleven Richland County Council districts. This ordinance was enacted in conformity with S.C. Code Ann. § 4-9-90 (1986 & Supp. 1994), which requires that county councils reapportion all districts as to population "within a reasonable time prior to the next scheduled general election which follows the adoption by the State of each federal decennial census."[1] Pursuant to the Voting Rights Act of 1965, 42 U.S.C.A. §1973c (1994), Council submitted Plan 1 to the United States Department of Justice for "preclearance." Plan 1 provided that it would not become effective until the required preclearance was received from the Justice Department, which occurred on May 8, 1992.

---

[1] The General Assembly adopted the United States Census of 1990 on March 12, 1992. S.C. Code Ann. § 1-1-730 (Supp. 1994).

On June 6, 1992, Council enacted another ordinance (hereinafter "Plan 2"), the stated purpose of which was to amend Plan 1. According to the "Recitals and Statement of Purpose" contained in Plan 2, Plan 1 contained an error. In enacting Plan 1, Council had attempted to draw the lines so that incumbent Council members Nancy Sandel and Kit Smith resided in the newly configured District 5. Such a pairing of two incumbents in one single-member district would have necessitated an election for that district in November, 1992, which election would have been open to any qualified elector residing in District 5. According to Plan 2, an election "would create an opportunity for black citizens in Richland County to elect a candidate of their choice in a fifth district in 1992, in addition to the other four districts (Districts 3, 4, 7, and 10) where that opportunity already had been or would be available."

However, as Council became aware on May 26, 1992, Plan 1 contained an error. Council realized that Plan 1 placed Council member Sandel in District 6, not District 5 as intended. Thus, according to Plan 2, Plan 1 not only failed to effectuate Council's intent to create an additional minority district, it also failed to conform to both the representations made to the public at a public hearing on the matter and the representations made by the County to the Justice Department when it submitted Plan 1 for preclearance. Accordingly, Council enacted Plan 2 in order to amend Plan 1 to conform it to the representations made at the time of its adoption and place the residences of both Sandel and Smith in District 5. Plan 2 subsequently received Justice Department preclearance on June 24, 1992.

Council members Smith and Sandel filed suit in the South Carolina Court of Common Pleas against the Richland County Democratic and Republican parties, the Richland County Council, and the individual members of the Council. On June 2, 1992, Judge Rushing granted Smith and Sandel a temporary restraining order which enjoined these defendants from implementing Plan 2. By order dated June 11, 1992, Judge Bristow granted a temporary injunction which had the same effect, and by order dated June 24, 1992, Judge Stephen continued Judge Bristow's temporary injunction.

On June 25, 1992, Council filed suit in federal court, arguing that Judge Stephen's order was a change in voting procedure

requiring preclearance under the Voting Rights Act of 1965. A panel of three United States District Court judges was appointed, and the state court actions of Smith and Sandel were removed to federal court and consolidated with Council's action. The federal court panel agreed with Council that Judge Stephen's order was a change in voting procedure requiring preclearance from the Justice Department and ordered the South Carolina Democratic Party or Council members Smith or Sandel to submit to the United States Attorney General for preclearance the question of the right of a South Carolina state court to determine which plan was in effect for the 1992 election.

By letter dated September 17, 1993, the Justice Department approved the change embodied in Judge Stephen's order. However, the Justice Department stated that when Plan 2 was precleared, it became the legally enforceable plan under federal law. On August 5, 1994, the federal court panel dismissed the actions pending before it.

On February 9, 1994, Council passed another reapportionment ordinance (hereinafter "Plan 3"). Plan 3 repealed all previously adopted reapportionment ordinances inconsistent with Plan 3 and was styled as "[a]n ordinance establishing new electoral districts for the election of members of Richland County Council. . . ." On May 17, 1994, Appellant brought this action in circuit court seeking a declaratory judgment declaring Plan 3 invalid under state law and seeking an order enjoining Respondents from implementing Plan 3. The circuit court held that Plan 3 did not violate state law and denied Appellant's request for an injunction. This appeal follows.

## DISCUSSION

S.C. Code Ann. §4-9-90 (1986 & Supp. 1994) provides that:

All districts must be reapportioned as to population by the county council within a reasonable time prior to the next scheduled general election which follows the adoption by the State of each federal decennial census.

Appellant argues that under § 4-9-90, once a county council has enacted a valid reapportionment ordinance, it may not subsequently enact another such ordinance until after the next regular apportionment period prescribed

by § 4-9-90. We agree. *See, e.g., Legislature of State of California v. Deukmejian*, 34 Cal. (3d) 658, 194 Cal. Rptr. 781, 669 P. (2d) 17 (1983); *Harris v. Shanahan*, 192 Kan. 183, 387 P. (2d) 771 (Kan. 1963).

According to Appellant, when Council undertook to enact Plan 3, a valid reapportionment ordinance was already in place, and, for that reason, Plan 3 violates § 4-9-90. Respondents maintain that no valid plan existed prior to the enactment of Plan 3.

An examination of Plan 2 reveals that it is an amendatory ordinance designed to correct an error contained in Plan 1. Plan 2 did not reapportion all eleven council districts. Instead, it amended Plan 1 with respect to only two districts: Districts 5 and 6. When it enacted Plan 1, Council had intended to create a new minority district. Plan 1, however, did not create such a district, and Council enacted Plan 2 to correct that error. Moreover, Plan 2 was enacted with the purported objective of conforming Plan 1 to the representations made by Council to the Justice Department and to the public at large when Plan 1 was being discussed. If we take the recitals contained in Plan 2 at face value, then it becomes clear that Plan 2 is not a new and comprehensive reapportionment ordinance, but is merely an amendatory ordinance correcting a flawed Plan 1. Therefore, we read Plans 1 and 2 together and as essentially one ordinance, and Plan 2 is not violative of § 4-9-90.

Plan 3, on the other hand, is a comprehensive new reapportionment ordinance. Its stated purpose was to create eleven new electoral districts. Plan 3 repealed all previous reapportionment ordinances inconsistent with its provisions. Thus, because Plan 1, as amended by Plan 2, had already been enacted, Plan 3 was enacted in violation of § 4-9-90.

As we have declared Plan 3 invalid under § 4-9-90, the question remains what, if any, action is necessary in order to assure that future elections are held under Plan 1 as amended by Plan 2. Accordingly, we remand to the circuit court for further proceedings consistent with this opinion

Reversed and remanded.

FINNEY, C.J., and MOORE and WALLER, JJ., concur.

TOAL, J., not participating.