489 S.E.2d 195

Scott **ELLIOTT**, individually and as Chairman of the Richland County Republican Party, Appellant,

v.

**RICHLAND COUNTY, Richland County Election Commission and the Richland County Democratic Party, Respondents.**

No. 24666.

Supreme Court of South Carolina.

Heard July 23, 1997.
Decided Aug. 6, 1997.

Charles L.A. Terreni;  John F. Hardaway;  and Dalton Oldham, Columbia, for Appellant.

Danny C. Crowe, of Turner, Padget, Graham & Laney, Columbia, for Respondent Richland County Council;  Larry Cornell Smith, Columbia, for Respondent Richland County Election Commission;  and Joseph M. McCulloch, Jr., Columbia, for Respondent Richland County Democratic Party.

FINNEY, Chief Justice:

Appellant commenced this action to enjoin Richland County Council from implementing a reapportionment ordinance (Plan 3) and seeking a declaratory judgment declaring Plan 3 invalid pursuant to S.C.Code Ann. § 4–9–90 (1986 and Supp.1996). The circuit court held that Plan 3 did not violate state law and denied appellant's request for an injunction regarding the validity of the ordinance. Meanwhile, elections were held in 1994 pursuant to Plan 3. On appeal, this Court declared Plan 3 invalid and held Plan 1 as amended by Plan 2 (Plan 2) was the valid plan. *Elliott v. Richland County*, 322 S.C. 423, 472 S.E.2d 256 (1996). (*Elliott I* ) We reversed and remanded back to the circuit court for further proceedings. *Id.*

On remand, Judge Beatty ordered elections be held conditioned upon preclearance from the Department of Justice pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C.A. § 1973 (1994). In the subsequent amended order, the circuit court ordered that elections be held in 1997 for Districts 2,3,7,8,9 and 10 according to Plan 2, for a three-year term expiring in 2000. The election schedule will coincide with the special elections scheduled for the State House of Representatives. Elections for the remaining five Districts, 1,4,5,6 and 11, will be held in 1998 for a four-year term. The circuit court's order received Justice Department preclearance after the scheduled filing date set forth in the order.[1] Appellant appeals the circuit court order, seeking immediate elections in all eleven districts.

## ISSUES

1. Did the circuit court arbitrarily alter the plan of elections?

2. Did the circuit court deny appellant and those similarly situated the right to vote for an additional two years?

## DISCUSSION

■ In *Elliott I* this Court stated that Plan 3 was enacted in violation of state law because there was a valid reapportionment ordinance already in place, i.e., Plan 2. The circuit court was directed on remand to determine "what, if any, action is necessary in order to assure that future elections are held under Plan . . . 2." *Elliott I, supra.*

The circuit judge construed the above language to mean the Court did not void or vacate the seats held under Plan 3 and interpreted the reference to future elections as meaning prospective effect should be given to the scheduling of elections under Plan 2. The circuit court's rationale for determining which district seats would be up for election in 1997 was based on those incumbents who were elected in 1992 and whose terms would have expired in 1996. The election in 1998 will

---

1. According to correspondence received from the United States Department of Justice dated June 24, 1997 and July 22, 1997, preclearance of the redistricting plan has been given, however, the revised special election schedule has not been precleared.

be for the incumbents who were elected in 1994.    Once elections are held in 1998, Plan 2 will be fully implemented.

Appellant contends the circuit court altered the plan of elections by not taking into consideration that some electors have been denied the opportunity to vote for a council representative for eight years, and argues the scheduled order of elections may keep them from electing a council person for ten years.   We disagree.

The trial judge fashioned the least disruptive method of implementing Plan 2 by staggering the elections into two cycles.    The problem arises in that the District boundaries under Plans 1, 2, and 3 do not coincide.    Accordingly, current Council membership is in the posture of having incumbents elected under two different plans, Plans 1 and 3. No elections have been held under Plan 2. Richland County Council will continue to have members elected under two different plans until the 1998 election.    It is futile to compare district seats between the Plans because there is marked dissimilarity between both the location and numerical identification of the districts.    For example, the area designated as District 6 under Plan 3 is now largely encompassed in District 2 under Plan 2. The incumbents are the only consistent element between Plans 1, 2, and 3. Therefore, it was not arbitrary for the circuit court to reference the election dates of incumbents to determine which seats would be up for election first.

Appellant asserts the only way to resolve such long term disenfranchisement of affected voters is to open the elections for all eleven seats, despite the possibility of lack of continuity on council.    The 1988 United States District Court order required Richland County Council to move from an at-large plan to a single-member district plan.    The order set forth a plan whereby elections were held initially for six (6) seats in 1988 with terms expiring in 1992.   Elections for the remaining five (5) seats were held in 1990.   The District Court noted that its order served the public interest in continuity in county government.   Here, the circuit court adhered to the overriding principle that emerged from the 1988 Federal Consent Order, the public interest in continuity, in maintaining staggered elections in two cycles.

None of the reapportionment ordinances enacted by County Council, *Elliott I*, nor the Federal Consent Order provide for

the simultaneous election of all eleven seats. To require simultaneous elections in all eleven districts would effectively create a new election plan depriving the public of continuity in county government. A schedule other than a staggering of two cycles would be contrary to the expressed consent of the parties in the 1988 Federal litigation.

On appeal, this Court is presented with the question whether the circuit court abused its discretion. An abuse of discretion arises in cases where: (1) the judge issuing the order was controlled by some error of law; or (2) the order, based upon factual, as distinguished from legal, conclusions, is without evidentiary support. *Boland v. S.C. Public Service Authority*, 281 S.C. 293, 315 S.E.2d 143 (1984). Appellant has the burden of showing the trial judge's order was arbitrary. Appellant has not done so. Accordingly, we hold the trial judge did not abuse his discretion in scheduling elections to assure that future elections are held under Plan 2. The trial judge's order included an election schedule which can no longer be met. Therefore, we direct the appropriate election officials to schedule elections subject only to the time periods imposed by law and conditioned upon preclearance from the Department of Justice.

**AFFIRMED.**

MOORE, WALLER and BURNETT, JJ., and GEORGE T. GREGORY, Jr., Acting Associate Justice, concur.