THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 In the Matter of the Care
 and Treatment of Timothy
 Farmer,        Appellant.
 
 
 

Appeal From Florence County
James E. Brogdon, Jr., Circuit Court Judge

Unpublished Opinion No.
2005-UP-438
Submitted June 1, 2005  Filed July 14, 2005

AFFIRMED

 
 
 
 Philip B. Atkinson, of Florence,
 for Appellant. 
 Attorney General Henry
 Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Attorney General Deborah R.J. Shupe, and Assistant Attorney
 General R. Westmoreland Clarkson, all of Columbia, for Respondent. 
 
 
 

PER CURIAM:  Timothy
Farmer appeals a finding that he is a sexually violent predator.  We
affirm.[1]
FACTS
When Timothy Farmer was fifteen, he
pled guilty to three counts of first-degree criminal sexual conduct with a
minor, one count of first- degree assault with intent to commit criminal sexual
conduct with a minor, and one count of committing a lewd act on a minor. 
By order of the court, Farmer was committed to the Department of Juvenile
Justice for an indeterminate period of time not to exceed his twenty-first
birthday.
While incarcerated, Farmer
participated in therapy for sex offenders including a four-phase treatment
program.  However, for disputed reasons, Farmer was ejected from the final
phase of that program.  Before Farmers release from custody, the State
filed a petition under the Sexually Violent Predator Act[2] to commit Farmer to the Department of Mental
Health until such time as the department deemed his release safe for the
public.  The circuit court found probable cause to have Farmer held and
tested by a psychiatrist.
The State proceeded against Farmer,
and a jury found him to be a sexually violent predator pursuant to the
Act.  He was subsequently committed to the Department of Mental Health.
Farmer now argues that the trial
judge erred in denying his motion for directed verdict and in allowing certain
testimony from the States psychiatric expert.
STANDARD OF REVIEW
On an appeal from the trial courts
denial of a motion for a directed verdict, the appellate court may only reverse
the trial court if there is no evidence to support the trial courts ruling. 
In re Matthews, 345 S.C. 638, 646, 550 S.E.2d 311, 315 (2001).  In
ruling on a motion for directed verdict, the trial court is concerned with the
existence of evidence, not its weight.  Id. at 647, 550 S.E.2d at 315. 
The admission of evidence is
within the discretion of the trial court and will not be reversed absent an
abuse of discretion.  State v. Gaster, 349 S.C. 545, 557, 564
S.E.2d 87, 93 (2002).  An abuse of discretion arises in cases
where:  (1) the judge issuing the order was controlled by some error of
law; or (2) the order, based upon factual, as distinguished from legal,
conclusions, is without evidentiary support.  Elliott
v. Richland County, 327 S.C. 175, 179, 489 S.E.2d 195, 197 (1997). 
LAW AND DISCUSSION
Farmer alleges the circuit court
erred in failing to grant a directed verdict and by allowing inadmissible
evidence.  We disagree.
I.  Directed Verdict
Farmer alleges the circuit court
erred in denying a motion for a directed verdict because the State failed to
prove an essential element under the Act, specifically that he suffered from a
mental abnormality.  We disagree.
Section 44-48-30(1) of the Act
defines a sexually violent predator as a person who (a) has been convicted of
a sexually violent offense, and (b) suffers from a mental abnormality or
personality disorder that makes the person likely to engage in acts of sexual
violence if not confined in a secure facility for long-term control, care, and
treatment. 
Farmer does not contest that he was
convicted of a sexually violent offense, but argues the State did not
demonstrate he suffers from a mental abnormality or personality order.  Dr.
Barnard-Dupree, the States expert witness in forensic psychiatry, testified
that in her opinion Farmer suffered from pedophilia.  She testified that a
diagnosis of pedophilia is appropriate under DSM-IV[3] guidelines when an individual has (1) a period of
at least 6 months recurrent, intense, sexually arousing fantasies, sexual urges,
or behavior involving sexual activity with a prepubescent child or children
(generally 13 or younger), (2) the fantasies, urges, or behaviors cause
clinically significant distress or impairment in social, occupational, or other
important areas of functioning, and (3) the person is at least 16 years of age
and at least 5 years older than the children involved. 
Farmer maintains he does not satisfy
this definition because he was less than 16 at the time of the offenses. 
However, Dr. Barnard-Dupree concluded Farmer continues to suppress and deny
his impulses and feelings consistent with sexual deviancy; that makes him meet
the criteria for pedophilia at the current time.  In her opinion Farmer
suffered from pedophilia based on his psychological testing showing he
continues to have these feelings and urges even though he denies it. 
Farmer also argues the proof of pedophilia was inadequate because there was no
testimony the urges and fantasies lasted for six months.  However, Dr.
Barnard-Dupree unequivocally stated Farmer fit the diagnosis guidelines provided
for pedophilia. 
Finally, Farmer attacks the accuracy
of Dr. Barnard-Duprees evaluation; however, any deficiency in the doctors
determination was subject to cross-examination and impacted her
credibility.  The weight to be given her testimony was a matter for the
jury.  State v. Tisdale, 338 S.C. 607, 618, 527 S.E.2d 389, 395 (Ct.
App. 2000). 
After examining the record, we find
sufficient evidence to support the trial courts decision to submit this issue
to the jury.
II. 
Admission of Evidence
Farmer also argues the circuit court
erred when it refused to grant his motion for a new trial based on the
introduction of testimony about additional psychiatric testing.  We
disagree. 
Farmer was granted funds to procure
the opinion of another psychiatrist.  He was interviewed and tested by Dr.
William H. Burke.  Neither Farmer nor the State called Dr. Burke to testify
and, in fact, Farmer made a motion in limine that the report by Dr. Burke be
excluded.  The court did not rule on this motion, as the State said it did
not intend to admit the report. 
During the cross-examination of Dr.
Barnard-Dupree, Farmers counsel challenged the doctors credibility by
asking if she had performed a variety of different tests in her evaluation of
Farmer.  Farmers counsel admitted later he used the information from Dr.
Burkes report to ask about possible tests that could have been performed by
Dr. Barnard-Dupree but were not. 
On redirect, the State asked Dr.
Barnard-Dupree if anyone else had performed a static-99 evaluation.  She
answered that somebody had, and it showed Farmer was at medium to high risk for
re-offending.  Farmers counsel objected when the State began to ask this
question. 
The State argued that the questions
by Farmers counsel open[ed] the door to testimony regarding the results
of tests performed by Dr. Burke.  The court concluded the State could ask
[Dr. Barnard-Dupree] if shes aware subsequent to her examination as to
whether or not those tests were done and by whom.  However, the court
stated, I dont think you can have her testify about the results of those
tests.  Im not going to allow you to do that anyway.
 The State then asked Dr.
Barnard-Dupree if a static-99 and penile plethysmograph test were performed by
another psychologist and she answered affirmatively.  She explained the
tests, stated she had viewed the other psychologists opinion, and testified
there was nothing that would contradict her own opinion. 
In post-trial motions, Farmer
requested a new trial based in part on speculation caused by reference to Dr.
Burkes report.  The State argued Farmer failed to timely object, or
request the testimony be stricken from the record and a curative instruction
given.  The motion was denied. 
The issue of Dr. Barnard-Duprees
testimony must be considered in two parts.  First, the State asked Dr.
Barnard-Dupree whether additional tests had been performed by another party, and
Farmers counsel objected.  However, as the trial judge observed, Farmer
opened the door for questioning about Dr. Burkes additional testing. 
Where one party introduces evidence as to a particular fact or transaction,
the other party is entitled to introduce evidence in explanation or rebuttal
thereof, even though [the] latter evidence would be incompetent or irrelevant
had it been offered initially.  State v. Stroman, 281 S.C. 508,
513, 316 S.E.2d 395, 399 (1984).  Furthermore, [t]he scope of redirect
rests in the discretion of the trial court.  Id.;
see also State v. Beam, 336 S.C. 45, 53, 518 S.E.2d 297, 301 (Ct.
App. 1999) (permitting redirect examination about the performance of a test when
defendants counsel opened the door by asking about the existence of such a
test and its superiority). 
The second part of the contested
testimony includes Dr. Barnard-Duprees statement that nothing in the results
of Dr. Burkes tests would contradict her own opinions.  With this
statement, Dr. Barnard-Dupree likely went beyond the scope of the trial courts
limitation.  See U.S. v. Tran Trong Cuong, 18 F.3d 1132, 1143
(4th Cir. 1994) (holding that an expert could not bolster his own testimony by
stating that the results of other tests, not in evidence, were essentially
the same as his own opinion).  However, Farmer did not contemporaneously
object to that testimony, and therefore, the issue is not preserved for our
review.  See State v. Hoffman, 312 S.C.
386, 393, 440 S.E.2d 869, 873 (1994). 
Even if we consider the issue on the
merits, we find any possible error is not prejudicial because of the
overwhelming evidence that Farmer was a sexually violent predator.  To
constitute error, a ruling to admit or exclude evidence must affect a
substantial right.  Rule 103(a), SCRE.  An error is harmless if the
defendants guilt has been conclusively proven by competent evidence, such
that no other result could have been reached.  State v. Johnson,
363 S.C. 53, 60, 609 S.E.2d 520, 524 (2005) (citing State v. Prioleau,
345 S.C. 404, 408, 548 S.E.2d 213, 214 (2001)).  To make this
determination, the circumstances of each individual case are to be
considered.  Id. 
Farmers argument against finding
him a sexually violent predator was simply that Dr. Barnard-Dupree had not
performed every test available.  However, this attempt to attack her
credibility is not sufficient to disregard her specific and uncontradicted
testimony that Farmer was a pedophile.  Therefore, the only objective
evidence before the jury indicated he was a sexually violent predator.
CONCLUSION
For the reasons discussed above, the
order of the trial court is
AFFIRMED.
ANDERSON, STILWELL, and WILLIAMS,
JJ., concur.

[1]        We decide this case
without oral argument pursuant to Rule 215, SCACR.
[2]        S.C. Code Ann. §
44-48-10 et seq. (1976).
[3]        The Diagnostic and
Statistical Manual of Mental Disorders (4th Ed. 1994) is the document regularly
relied upon for the diagnosis of mental disorders.