600 S.E.2d 76

**BECKMANN CONCRETE CONTRACTORS, INC., Respondent,**

**v.**

**UNITED FIRE AND CASUALTY CO. and Golf
Construction of America, Defendants,**

**of Whom United Fire and Casualty is the Appellant.**

**No. 3814.**

Court of Appeals of South Carolina.

Heard May 12, 2004.

Decided June 1, 2004.

Rehearing Denied Aug. 18, 2004.

128

Neil S. Haldrup, of Charleston, for Appellant.

Daniel T. Brailsford, of Columbia, for Respondent.

ANDERSON, J.:

Beckmann Concrete Contractors, Inc. (Beckmann) brought suit against United Fire and Casualty Co. (United) to collect on a payment bond that United issued to Golf Construction of America (Golf Construction). United was found in default for failing to file an answer. The court entered a default judgment against United. United moved for relief from the judgment alleging it did not receive notice under Rule 55(b)(2), SCRCP, and contending it was entitled to relief under Rule 60(b)(1), SCRCP. The court denied the motion. We vacate and remand.

## *FACTUAL/PROCEDURAL BACKGROUND*

Golf Construction was employed to perform work at the Golf Club at Westcott Plantation. United supplied a payment bond to Golf Construction in the amount of $367,373.06 for the amount of the contract. The contract required Golf Construction to perform clearing, grubbing, and silt fence installation. Subsequently, the work to be performed by Golf Construction was expanded. However, United did not provide any additional payment bond, nor was the scope of its bond expanded to include the additional work of bridge construction or concrete work.

Beckmann was a subcontractor hired to work on the concrete golf cart paths. In a letter, Beckmann notified United that it was asserting a claim on the payment bond. United denied the claim and maintains that it owes nothing under the bond for the work performed by Beckmann. Beckmann subsequently filed a Summons and Complaint, alleging United issued a payment bond and is liable under that bond for the work performed by Beckmann. Beckmann averred it is owed $80,938.25.

Beckmann's counsel filed an Affidavit of Default, claiming United had failed to answer the complaint and failed to serve a notice of appearance. Beckmann filed a Certification and Petition for Default Judgment which iterated its claim of damages in the amount of $80,938.25, asserted the damages were liquidated damages, and claimed to have attached supporting documentation for the damages. The Certification and Petition for Default Judgment provided:

The undersigned attorney for Plaintiff hereby certifies that this application for default judgment, pursuant to Rule 55, SCRCP, against United Fire and Casualty Company is based upon a complaint alleging a cause of action based upon a liquidated debt; and further certifies that the following documents are either attached or have been filed with the Clerk of Court in support of the foregoing, to wit:

a. Summons and complaint;

b. Proper proof of legal service upon the defendant, United Fire and Casualty Company;

c. Proper documentation supporting liquidated demand in the amount of eighty thousand nine hundred thirty-eight dollars and twenty-five cents ($80,938.25) set forth in complaint as provided by statute; together with proper documentation for award of attorney's fees and interest, if applicable, pursuant to the terms of a written agreement; and

d. Affidavit of Default.

The court entered an order of default judgment against United and awarded $80,938.25 to Beckmann. United filed a motion for relief from the default judgment. United argued notice was required under Rule 55(b)(2), SCRCP, because the damages were not liquidated or sum certain damages. Additionally, United contended the judgment should be set aside under Rule 60(b)(1), SCRCP, or Rule 55(c), SCRCP, because the failure to answer was the result of excusable neglect or good cause.

The court found the claim was for liquidated damages and, therefore, notice was not required. The court concluded the reasons alleged by United for failing to file an answer were neither "excusable neglect" under Rule 60(b)(1) nor "good cause" under Rule 55(c).

## *STANDARD OF REVIEW*

 The power to set aside a default judgment is addressed to the sound discretion of the trial court whose decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion. *Frank Ulmer Lumber Co. v. Patterson,* 272 S.C. 208, 250 S.E.2d 121 (1978); *In re Estate of Weeks,* 329 S.C. 251, 495 S.E.2d 454 (Ct.App.1997). "An abuse of discretion in setting aside a default judgment occurs when the judge issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support." *Estate of Weeks,* 329 S.C. at 259, 495 S.E.2d at 459.

## *LAW/ANALYSIS*

### I. Unliquidated Damages

 United claims the damages alleged by Beckmann were not liquidated damages and Beckmann did not follow the procedure mandated by Rule 55(b)(2), SCRCP, in regard to unliquidated damages. United argues the damages were unliquidated and, therefore, it was entitled to notice of the damages hearing.

When the defendant has not answered or otherwise appeared, there is no requirement that notice be given before entering a default judgment. *See* Rule 55(b), SCRCP; *Roche v. Young Brothers, Inc.,* 318 S.C. 207, 456 S.E.2d 897 (1995). However, when the relief which is sought is unliquidated damages, Rule 5(a) specifically states that "notice of any trial or hearing on unliquidated damages shall also be given to parties in default." Rule 5(a), SCRCP.

 In *Lewis v. Congress of Racial Equality,* 275 S.C. 556, 274 S.E.2d 287 (1981), our Supreme Court declared: "In liquidated-damages cases, the amount is usually a sum certain, or at least the amount is capable of ascertainment by computation." *Id.* at 560, 274 S.E.2d at 289. *Black's Law Dictionary* defines liquidated damages as "[a]n amount contractually stipulated" in contrast to unliquidated damages which are "[d]amages that ... cannot be determined by a fixed formula, so they are left to the discretion of the judge or jury." *Black's Law Dictionary* 395–97 (7th ed.1999). Liquidated damages

"are damages the amount of which has been made certain and fixed either by the act and agreement of the parties or by operation of law to a sum which cannot be changed by the proof." 22 Am.Jur.2d *Damages* § 489 (2003). "They are also defined as damages the amount of which has been ascertained by judgment or by the specific agreement of the parties or which are susceptible of being made certain by mathematical calculation from known factors." *Id.* "In general, damages are unliquidated where they are an uncertain quantity, depending on no fixed standard, referred to the wise discretion of a jury, and can never be made certain except by accord or verdict." *Id.*

A "liquidated claim" is "[a] claim for an amount previously agreed on by the parties or that can be precisely determined by operation of law or by the terms of the parties' agreement." *Black's Law Dictionary* 240. Finally, an "unliquidated claim" is defined as "[a] claim in which the liability of the party or the amount of the claim is in dispute." *Id.*

Beckmann filed its complaint alleging its right to collect on the payment bond provided by United. Beckmann specifically asked for "eighty thousand nine hundred thirty-eight dollars and twenty-five cents ($80,938.25), plus a reasonable attorney's fee as determined by the Court, interest in an amount to be proven at trial, and whatever other relief might be proper." There is no indication this is an amount agreed upon by the parties.

Additionally, the claim was clearly in dispute. When Beckmann first asserted its right to collect on United's payment bond, United denied the claim pending further information. United maintained the information provided indicated the claim was outside the scope of the bond provided by United to Golf Construction.

In *Hecht Realty, Inc. v. Hastings,* 45 N.C.App. 307, 262 S.E.2d 858 (1980), the Court of Appeals of North Carolina discussed whether a claim was for liquidated damages:

*The mere demand for judgment of a specified dollar amount does not suffice to make plaintiff's claim one for "a sum certain" as contemplated by Rule 55(b).* Such a demand is normally included in the prayer for relief in every complaint in which monetary damages are sought,

including complaints alleging claims for damages for bodily injuries caused by a defendant's negligence. The complaint in the present case alleged a breach of contract by the defendant, but nothing in the allegations of the complaint makes it possible to compute the amount of damages to which plaintiff is entitled by reason of the breach.

*Id.* at 859–60 (emphasis added). Accordingly, the trial court erred in finding the claim made by Beckmann was for liquidated damages or a sum certain.

The claim by Beckmann was for unliquidated damages. In the case of unliquidated damages, Rule 55(b)(2) states: "Pursuant to Rule 5(a), notice of any trial or hearing on unliquidated damages shall also be given to parties in default by first class mail to the last known address of such party *whether or not such party has appeared in the action.*" Rule 55(b)(2), SCRCP (emphasis added). Concomitantly, it was improper for the trial court to enter a default judgment against United without conducting a damages hearing after notice to United pursuant to Rules 55(b)(2) and 5(a).

## II. Liquidated Damages

■ Beckmann asseverates that the claim was one for a sum certain, which could be computed by the trial court. United asserts that if the damages were liquidated, Beckmann did *NOT* follow the procedure required by Rule 55(b)(1), SCRCP.

Even if we were to construe the claim as one for liquidated damages, Beckmann failed to follow the proper procedure outlined in Rule 55(b)(1) for obtaining a default judgment. Rule 55(b)(1) explicates:

When the claim of a party seeking judgment by default is for a liquidated amount, a sum certain or a sum which can by computation be made certain, the judge, upon motion or application of the party seeking default, *and upon affidavit of the amount due,* shall enter judgment for that amount and costs against the party against whom judgment by default is sought, if that party has been defaulted for failure to appear and if such party is not a minor or incompetent person. *A verified pleading may be used in lieu of an*

*affidavit when the pleading contains information sufficient
to determine or compute the sum certain.*

Rule 55(b)(1), SCRCP (emphasis added).

The complaint was not a verified pleading. Thereafter, Beckmann filed an Affidavit of Default and a "Certification and Petition for Default Judgment" (Certification), which stated the claim against United was "based upon a liquidated debt" and further asserted various documents were attached. The documents do not appear in the record and there is no indication they were received by the trial court or attached to the Certification. The Certification was not in the form of an affidavit and was not signed by an agent for Beckmann but by counsel only in the capacity as attorney.

Beckmann failed to file a verified pleading or an affidavit of the amount due. Thus, Beckmann failed to properly present proof of the nature of its claims such that the trial court would be able to calculate or otherwise verify the amount.

In the case *sub judice,* Beckmann did *NOT* comply with Rule 55(b)(1), SCRCP: (1) Beckmann did not file a verified pleading or an affidavit; and (2) no supporting documents in any form or fashion were attached to the Certification or filed in the office of the clerk of court.

## *CONCLUSION*

The claim by Beckmann was for unliquidated damages, requiring complete and full compliance with the procedure outlined in Rule 55(b)(2). Beckmann failed to follow Rules 55(b)(2) and 5(a).

Alternatively, even if Beckmann's claim was liquidated, Beckmann did *NOT* follow the mandate of Rule 55(b)(1).

We vacate the judgment of default and remand to the Circuit Court for a damages hearing after proper notice is provided pursuant to Rules 5(a) and 55(b)(2).

**VACATED and REMANDED.**

HUFF and KITTREDGE, JJ., concur.